# Exhibit 1

Yitzchak H. Lieberman (SBN 277678)
ylieberman@parasmoliebermanlaw.com
Grace E. Parasmo (SBN 308993)
gparasmo@parasmoliebermanlaw.com
PARASMO LIEBERMAN LAW
7400 Hollywood Blvd., #505
Los Angeles, CA 90046
Tel: (917) 657-6857
Fax: (917) 501-3346

David C. Parisi (162248)
dcparisi@parisihavens.com
Suzanne Havens Beckman (188814)
shavens@parisihavens.com
PARISI & HAVENS LLP
100 Pine Street, Suite 1250
San Francisco, California 94111
(818) 990-1299 (telephone)
(818) 501-7852 (facsimile)

*Attorneys for Plaintiff Loretta Johnson, on her own behalf, and behalf of all others similarly situated*

FILED
ALAMEDA COUNTY
JUL - 9 2021
CLERK OF THE SUPERIOR COURT
By_____ Deputy

BY FAX

# SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF ALAMEDA

| | |
|---|---|
| LORETTA JOHNSON, an individually, on her own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC., a Delaware limited liability company, SPECTRUM MANAGEMENT HOLDING COMPANY, LLC, and DOES 1-100, inclusive,<br><br>Defendants. | Case No. **RG21104462**<br><br>**CLASS ACTION COMPLAINT**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>**CALIFORNIA PENAL CODE § 632.7**<br><br>**DEMAND FOR JURY TRIAL** |

Class Action Complaint

Plaintiff Loretta Johnson ("Johnson" or "Plaintiff") makes this complaint against Defendant Charter Communications, Inc., Spectrum Management Holding Company, LLC ("Charter" or "Defendants"), and Does 1 to 100 (collectively, "Defendants"). Plaintiff's allegations as to her own actions are based on personal knowledge. The other allegations are based on her counsel's investigation, and information and belief.

**Introduction**

1. This case arises from Defendants' illegal recording of telephone conversations with Plaintiff and other consumers in the State of California without their knowledge or consent, in violation of California Penal Code § 630 *et seq.*, (specifically, Penal Code § 632.7) thereby invading their privacy. California has a "strong and continuing interest in the full and vigorous application" of laws that vindicate privacy rights that are compromised when a communication is recorded without consent. (*Kearney v. Salomon Smith Barney, Inc.* (2006) 39 Cal.4th 95, 125 [discussing Penal Code § 632].)

2. Plaintiff Loretta Johnson called and received a call from Defendants to inquire about ordering Defendants' services. Ms. Johnson was not provided any disclosures that these calls with Defendants, including a call where she provided personal information, were being recorded. Plaintiff, on behalf of herself and all others similarly situated, seeks statutory damages and injunctive relief under Penal Code section 637.2, and any other available legal or equitable remedies, as well as an award of attorneys' fees under Code of Civil Procedure section 1021.5.

**Parties**

3. Plaintiff Loretta Johnson is a natural person. At all relevant times, she resided in the state of California.

4. Defendant Charter Communications, Inc. is a Delaware corporation with its principal place of business located at 400 Atlantic Street, Stamford, Connecticut 06901. Charter Communications, Inc. is a holding company whose principal asset is a controlling equity interest in Charter Communications Holdings, LLC.

Class Action Complaint 2

5. Charter Communications, Inc. ("Charter") is a leading broadband connectivity company and cable operator. Charter Communications, Inc. offers residential and business services including Spectrum Internet, TV, Mobile and Voice.

6. Defendant Spectrum Management Holding Company, LLC is a Delaware limited liability company with its principal place of business also located at 400 Atlantic Street, Stamford, Connecticut 06901. In May 2016, Time Warner Cable, Inc. was merged into a subsidiary of Charter Communications, Inc. and changed its name to Spectrum Management Holding Company, LLC.

7. Charter sells cable television, broadband internet, and phone services to Californians under the brand name Spectrum. Any references to Spectrum in this complaint refer to all Defendants.

8. Plaintiff is currently ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants sued herein under the fictitious names Does 1 through 100, inclusive, and therefore, sues such Defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to allege the true names and capacities of said fictitiously named Defendants when their true names and capacities have been ascertained. Plaintiff is informed and believes and based thereon alleges that each of the fictitiously named Doe Defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by Plaintiff and members of the Class.

9. Plaintiff is informed and believes and based thereon alleges that all defendants, including the fictitious Doe Defendants, were at all relevant times acting as actual agents, conspirators, ostensible agents, partners and/or joint venturers and employees of all other defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, and joint venture, conspiracy or enterprise, and with the express and/or implied permission, knowledge, consent, authorization and ratification of their co-Defendants; however, each of these allegations are deemed "alternative" theories whenever not doing so would result in a contraction with the other allegations.

10. All Defendants, including Does 1 through 100, are collectively referred to as

Class Action Complaint    3

"Defendants."

11. Whenever this complaint refers to any act of Defendants, the allegations shall be deemed to mean the act of those defendants named in the particular cause of action, and each of them, acting individually, jointly and severally, unless otherwise alleged.

**Jurisdiction and Venue**

12. This Court may exercise jurisdiction over this case and these parties under Code of Civil Procedure § 410.10. This is a court of general jurisdiction, and the amount in controversy exceeds this court's jurisdictional minimum. Plaintiff is a California resident. All the proposed Class Members (defined below) are residents of California.

13. Defendants have not established residency in any particular county for venue purposes. As such, venue as to Defendants is proper in the County of Alameda pursuant to California Code of Civil Procedure § 395(a).

**The California Invasion of Privacy Act**

14. The Legislature enacted a comprehensive statutory scheme called the Invasion of Privacy Act (Pen. Code, §§ 630-638, "CIPA") to regulate recording telephone calls. The Legislature expressly identified the Act's purpose and set forth its statutory intent:

> The Legislature hereby declares that advances in science and technology have led to the development of new devices and techniques for the purpose of eavesdropping upon private communications and that the invasion of privacy resulting from the continual and increasing use of such devices and techniques has created a serious threat to the free exercise of personal liberties and cannot be tolerated in a free and civilized society.

(Pen. Code, § 630.)

15. "This philosophy appears to lie at the heart of virtually all the decisions construing the Privacy Act." (*Smith v. LoanMe, Inc.* (2021) 11 Cal.5th 183, 199 [quoting *Flanagan v. Flanagan* (2002) 27 Cal.4th 766, 775].)

16. California Penal Code § 632.7(a) prohibits one party to a telephone call from intentionally recording the conversation without the knowledge or consent of the other while the person being recorded is on a cellular telephone:

Class Action Complaint    4

> Every person who, without the consent of all parties to a communication, intercepts or receives and intentionally records, or assists in the interception or reception and intentional recordation of, a communication transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone, shall be punished by a fine not exceeding two thousand five hundred dollars ($2,500), or by imprisonment in a county jail not exceeding one year, or in the state prison, or by both that fine and imprisonment....

17. This prohibition applies to all communications, not just confidential communications. (*Flanagan v Flanagan*, 27 Cal. 4th at 771.)

18. The California Supreme Court recently held that California Penal Code § 632.7(a) prohibits parties as well as nonparties from intentionally recording a communication transmitted between a cellular or cordless phone and another device without the consent of all parties to the communication. (*Smith v. LoanMe, supra,* 11 Cal.5th at 202–03.)

19. The Legislature provided for a private right of action for actual damages and civil penalties for violations of the CIPA as follows:

> (a) Any person who has been injured by a violation of this chapter may bring an action against the person who committed the violation for ... [$5,000]...
>
> (b) Any person may, in accordance with Chapter 3 (commencing with Section 525) of Title 7 of Part 2 of the Code of Civil Procedure, bring an action to enjoin and restrain any violation of this chapter, and may in the same action seek damages as provided by subdivision (a).
>
> (c) It is not a necessary prerequisite to an action pursuant to this section that the plaintiff has suffered, or be threatened with, actual damages...

(Pen. Code, § 637.2.)

### Factual Allegations

20. Defendants and/or their agents intentionally record and/or monitor incoming and outgoing sales calls with California residents. Defendants encourage prospective consumers to provide their personal information over the telephone in order to subscribe to their services.

21. Defendants and/or their agents do not inform, or warn, California residents, including Plaintiff and Class Members (defined below), that the telephone calls will be recorded

and/or monitored. Plaintiff and Class Members are unaware that these phone calls between them and Defendants are recorded as there is no disclosure informing Plaintiff and Class Members that these calls are being recorded.

22. Charter is directly liable for intentionally recording and monitoring incoming and outgoing calls with Plaintiff and members of the Class.

23. In the alternative, Charter is vicariously liable for its agents' violations of the CIPA. Charter contracts with third party "partners" to engage in marketing on its behalf, including the marketing of Spectrum branded cable, phone, and internet services. Charter gave its agents the authority to receive incoming calls and make outgoing calls to prospective customers for the purposes of selling Spectrum services and setting up appointments for Charter to install the services into customers' homes.

24. Does 1-100 acted as Charter's agents and violated the CIPA during the course of such agency.

25. Charter requires that all sales tactics used by Does 1-100 to sign-up prospective customers for Spectrum services must be pre-approved in writing by Charter.

26. Does 1-100 have access to Charter's software via online portals where they can submit new Spectrum orders, schedule installations, look up promotions, and the like.

27. Charter has the right to place test orders to monitor compliance, to complete comprehensive audits, withhold earnings from, and suspend or terminate the agents who are found utilizing unapproved sales tactics and/or engaging in prohibited sales activities.

28. Either Charter is directly liable for these calls, or in the alternative, Charter intentionally, or by want of ordinary care, caused Plaintiff and Class Members to believe the partners are Spectrum employees by allowing the partners to identify themselves as "with Spectrum" and/or "working for Charter."

29. Charter is thus also liable, in the alternative, through principles of joint liability, actual and/or apparent authority.

30. Charter also knowingly ratified the conduct of its employees or its agents by allowing its partners to record calls in California without consent.

## Plaintiff's Individual Allegations

31. On or about July 23, 2020, Plaintiff called Spectrum or its agent from her wireless cellphone to sign-up for cable and internet services and to schedule an appointment to install Spectrum's equipment into her home.

32. She spoke to "Paul Harris" who confirmed that she was speaking with Spectrum and told her that he had been working in Charter for about 3 years.

33. During the call, she was asked to, and did, provide her personal and sensitive information, such as home address, email address, and date of birth. Paul provided her with an order confirmation number, and an upcoming date for installation of new services.

34. On or about July 23, 2020, "Paul from Spectrum" called Plaintiff back to follow-up on the scheduling of installation of Spectrum's services.

35. During these calls, Plaintiff believed that the caller either was a Charter employee or had the authority to act on behalf of Charter.

36. Defendants and/or its agents made a recording of these calls and failed to disclose to Plaintiff that the calls were being recorded.

37. At no time did Plaintiff ever provide actual or constructive consent to Defendants nor their agents to record the telephone calls.

## Statute of Limitations

38. In response to the COVID-19 pandemic, the Judicial Council adopted emergency rules including California Rules of Court Emergency Rule 9, which tolls the statutes of limitations for civil causes of action, including civil causes of action for violations of the CIPA.

39. Emergency Rule 9(a) provides that:

> Notwithstanding any other law, the statutes of limitation for civil causes of action are tolled from April 6, 2020, until 90 days after the Governor declares that the state of emergency related to the COVID-19 pandemic is lifted.

40. The Governor of the State of California has not yet lifted the state of emergency related to the COVID-19 pandemic. Thus, Plaintiff and Class Members' CIPA claims are tolled

Class Action Complaint 7

from at least April 6, 2019 through the present.

41. Further, because Defendants failed to inform Plaintiff or any Class Members that their calls were being recorded, any claim limitations period is tolled.

42. Defendants concealed from Plaintiff and members of the Class that the telephone calls between the parties were being recorded.

43. Defendants concealed the fact that it was recording the above telephone calls to create the false impression in the minds of Plaintiff and members of the Class that they were not being recorded. At the outset of the phone calls there was no warning that the phone calls were, or even may, be recorded. Such warnings are commonplace today.

44. Plaintiff and Class members could not have brought their claims earlier based on Defendants' failure to inform them that the telephone calls were being recorded.

**Class Certification Allegations**

45. Class Definition: Plaintiff seeks to certify a class and brings this complaint against the Defendants, pursuant to Code of Civil Procedure section 382, on behalf of herself and the following class:

> All persons in California whose inbound or outbound telephone conversations were recorded, by Defendants or their agents, without first informing the individual that the conversation was being recorded, at any time during the applicable limitations period through the date of class certification.

46. Excluded from the Class are Defendants, any entity in which Defendants have a controlling interest or which has a controlling interest in Defendants, and Defendants' agents, legal representatives, predecessors, successors, assigns, and employees. Also excluded from the class are the judge and staff to whom this case is assigned, and any member of the judge's immediate family. Plaintiff reserves the right to revise the definition of the Class based on facts learned during discovery. Plaintiff is a member of the Class she seeks to represent and the members of the Class are referred to herein as "Class Members".

47. The Class Members can be reasonably identified using information that is kept by Defendants and/or their agents in the usual course of business and/or is in Defendants' control.

48. Class Numerosity: The exact number and identities of the Class Members is

Class Action Complaint                          8

unknown at this time, but such information is readily ascertainable by discovery, including the records of Defendants and third parties. Plaintiff believes that the Class includes hundreds of members. Plaintiff asserts that individual joinder of all members of the Class is likely to be impracticable.

49.     Class Commonality: Common questions of fact and law exist as to all members of the Class and predominate over the questions affecting only individual members of the class, and include the following:

1. Whether Defendants have a policy of recording incoming and/or outgoing calls;
2. Whether Defendants disclosed to Plaintiff and Class Members and/or obtained their consent that their incoming and/or outgoing telephone conversations are being recorded;
3. Whether Defendants' policy of recording incoming and/or outgoing calls to/from cellular telephones constituted a violation of California Penal Code § 632.7;
4. Whether Defendants are directly liable for violations of California Penal Code § 632.7;
5. Whether Defendants are liable, in the alternative, through principles of joint liability, actual authority, apparent authority, and/or ratification;
6. Whether Plaintiff and the Class Members are entitled to statutory damages for such violations; and
7. Whether Defendants should be enjoined from engaging in such conduct in the future.

Identification of the individuals who qualify as Class Members will be sufficient to establish liability as to the Class Members.

50.     Typicality: Plaintiff's claims are typical of the claims of the other Class Members. Plaintiff is not different in any relevant way from any other member of the Class, and the relief she seeks is common to the Class.

51.     Adequate Representation: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class: her interests do not conflict with their

interests. Plaintiff has retained counsel competent and experienced in complex class actions, and they intend to prosecute this action vigorously.

52. **Predominance and Superiority:** The Class alleged in this Complaint is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. The loss suffered by each individual member of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Class-wide damages are necessary to induce Defendants to comply with California law. Certifying this case as a class action is efficient because it effectuates California's Constitutional right to privacy and its strong public policy of protecting the California public from invasions of privacy. It would be virtually impossible for Class Members to individually obtain effective relief from Defendants' misconduct. Even if Class Members themselves could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint.

53. By contrast, class actions present far fewer management difficulties and provide the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

54. **Generally Applicable Policies:** This class action is also appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole. The policies of the Defendants challenged herein apply and affect members of the Class uniformly, and Plaintiff's challenge of these policies hinges on Defendants' conduct, not on facts or law applicable only to Plaintiff.

55. **Injunctive Relief is Appropriate:** Based on information and belief, Defendants continue to engage in the improper practices discussed above. Injunctive relief is necessary and appropriate to enjoin Defendants' conduct and to prevent irreparable harm to Plaintiff and Class

Class Action Complaint                              10

Members for which they have no adequate remedy at law.

## FIRST CAUSE OF ACTION
### Violation of California Penal Code § 632.7
### Against All Defendants
### by Plaintiff, Individually and on Behalf of the Class

56. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint. Plaintiff asserts this claim on behalf of herself and the Class Members.

57. Defendants configured their telephone dialing systems, equipment, and/or software to automatically record all incoming and outgoing calls. Such recording systems, equipment, and/or software was used to record telephone conversations with Plaintiff and the Class members who used cellular telephones, all in violation of California Penal Code § 632.7.

58. Defendants intercept or receive and intentionally record, or assist in the interception or reception and intentional recordation of, the communications between Defendants and Plaintiff and other members of the Class.

59. The recorded communications were transmitted between two cellular radio telephones, a cellular radio telephone and a landline telephone, two cordless telephones, a cordless telephone and a landline telephone, or a cordless telephone and a cellular radio telephone.

60. At no time did Plaintiff or any other member of the Class consent to Defendants' recording of such communications.

61. Defendants' surreptitious monitoring and recording activities invaded Plaintiff and Class Members' right to privacy.

62. Plaintiff, on her own behalf, and behalf of the other Class Members, seeks to recover statutory damages, as well as injunctive and equitable relief under Penal Code section 637.2. Plaintiff brings this action as a private attorney general, and to vindicate and enforce an important right affecting the public interest. Plaintiff is therefore entitled to an award of attorneys' fees and costs under Code of Civil Procedure section 1021.5, or any other statutory basis, for bringing this action.

WHEREFORE, Plaintiff prays that the Court enter judgment and orders in her favor and against Defendants, and Does 1 to 100, as follows:

a. An order certifying the Class, directing that this case proceed as a class action, and appointing Plaintiff and her counsel to represent the Class;

b. Judgment against Defendants, and in favor of Plaintiff and the other Class Members in the amount of $5,000 per violation of the CIPA as proven at trial;

c. Equitable and injunctive relief, including injunctions enjoining further violations of the CIPA;

d. An order granting costs and attorneys' fees; and

e. Such other and further relief as this Court may deem appropriate.

Dated: July 9, 2021

By: _____
David C. Parisi

Yitzchak H. Lieberman (SBN 277678)
ylieberman@parasmoliebermanlaw.com
Grace E. Parasmo (SBN 308993)
gparasmo@parasmoliebermanlaw.com
PARASMO LIEBERMAN LAW
7400 Hollywood Blvd., #505
Los Angeles, CA 90046
Tel: (917) 657-6857
Fax: (917) 501-3346

David C. Parisi (162248)
Suzanne Havens Beckman (188814)
PARISI & HAVENS LLP
100 Pine Street, Suite 1250
San Francisco, California 94111
(818) 990-1299 (telephone)
(818) 501-7852 (facsimile)
dcparisi@parisihavens.com
shavens@parisihavens.com

*Attorneys for Plaintiff Loretta Johnson, on her own behalf, and behalf of all others similarly situated*

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: July 9, 2021

By: _____
David C. Parisi

Yitzchak H. Lieberman (SBN 277678)
ylieberman@parasmoliebermanlaw.com
Grace E. Parasmo (SBN 308993)
gparasmo@parasmoliebermanlaw.com
PARASMO LIEBERMAN LAW
7400 Hollywood Blvd., #505
Los Angeles, CA 90046
Tel: (917) 657-6857
Fax: (917) 501-3346

David C. Parisi (162248)
Suzanne Havens Beckman (188814)
PARISI & HAVENS LLP
100 Pine Street, Suite 1250
San Francisco, California 94111
(818) 990-1299 (telephone)
(818) 501-7852 (facsimile)
dcparisi@parisihavens.com
shavens@parisihavens.com

*Attorneys for Plaintiff Loretta Johnson, on her own behalf, and behalf of all others similarly situated*

Jury Demand