UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORETTA JOHNSON, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CHARTER COMMUNICATIONS, INC, et al.,<br><br>    Defendants. | Case No. 21-cv-06135-HSG<br><br>**ORDER DENYING REQUEST FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 60 |

On June 2, 2022, the Court granted Defendants' motion to compel Plaintiff Loretta Johnson's claims to arbitration. Dkt. No. 58 at 5. Johnson now requests leave to file a motion for reconsideration of the Order. Dkt. No. 60. She seeks reconsideration on the ground that the Court failed to consider Defendants' "concession" in a footnote of their reply brief that "there ceased to be a dispute between the parties as to whether Johnson's individual claims are arbitrable." *Id.* at 3.

A party seeking reconsideration of an order must "show reasonable diligence in bringing the motion" and – as relevant here – "a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before" issuance of the challenged order. Civil L.R. 7-9(b)(3).

Johnson's request relies heavily on the "small claims" argument she made in opposition to Defendants' motion. Dkt. No. 40 at 19-21. That is not an appropriate basis for reconsideration. *See* Civil L.R. 7-9(c) ("No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party . . . in opposition to the interlocutory order which the party now seeks to have reconsidered.").

Moreover, leave is not warranted because the Court did not fail to consider Defendants' purported "concession" as to Johnson's "small claims" argument in its June 2, 2022 Order.

Rather, the Court considered all of the material facts and dispositive legal arguments presented by Johnson, and found them unpersuasive. Fundamentally, the Court found that the parties' agreement clearly delegates issues of arbitrability to the arbitrator, Dkt. No. 58 at 5, and nothing about the cited footnote changes the basis for that ruling. And to the extent Johnson now raises a new legal argument in response to Defendant's reply brief despite not having sought leave to file a sur-reply, that is not a basis for reconsideration either. The Court could not "manifestly fail to consider" an argument Johnson never raised.

Johnson's request for leave to file a motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

Dated: 6/23/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge