UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORETTA JOHNSON, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC, et al.,<br><br>    Defendants. | Case No. 21-cv-06135-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br><br>Re: Dkt. No. 36 |

Before the Court is Defendants Spectrum Management Holding Company, LLC and Charter Communications, Inc.'s (collectively, "Spectrum") motion to dismiss for lack of personal jurisdiction.[1] Dkt. No. 36. For the following reasons, the Court **GRANTS** the motion.

## I.  FACTUAL ALLEGATIONS

Plaintiff Charlotte Guss alleges that her residential phone number (identified as "XXX-XXX-3272") has been registered on the National Do Not Call Registry since September 2005. Dkt. No. 11 ("FAC") at ¶ 72. Despite this, in 2020, Guss received unsolicited telemarketing calls "by or on behalf of Defendants," seeking to sell Guss their cable and internet services. *Id.* at ¶ 73. Guss resided in California at all relevant times, and was in California when the calls occurred. *Id.* at ¶ 8. The calls stated they were "from Spectrum." *Id.* at ¶ 74. During one call on March 26, 2020, a live agent attempted to sell Spectrum services to Guss. Guss "believed that the caller either was a Spectrum employee or had the authority to act on behalf of Spectrum. Guss was asked to, and did, provide her personal and sensitive information, such as her home address and whether she rented or owned her home." *Id.* at ¶ 76. Spectrum and its agents intentionally

---

[1] The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b).

1    recorded the calls but failed to disclose this to Guss. *Id.* at ¶ 79.

2        Guss now brings this putative class action[2] against Spectrum, asserting claims under the California Invasion of Privacy Act and the Telephone Consumer Protection Act. Spectrum moves to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). Dkt. Nos. 36 ("Mot."), 41 ("Opp."), 45 ("Reply").

## II.    LEGAL STANDARD

    "When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). "The general rule is that personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process." *Id.* In California, the long-arm statute extends jurisdiction to the limits of due process, so the resolution of the Court's jurisdiction turns on the federal due process analysis. *See id.* at 1155. For due process to be satisfied, a defendant, if not present in the forum, must have sufficient "minimum contacts" with the forum such that the assertion of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Id.* (quoting (*Int'l Shoe Co. v. Washington*, 326 U.S. 310, 315 (1945)). A defendant's "minimum contacts" with the forum are sufficient to support jurisdiction where (1) the defendant has performed some act or transaction within the forum or purposefully availed himself of the privileges of conducting activities within the forum, (2) the plaintiff's claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction over the defendant is reasonable. *Id.* at 1155-56. "If any of the three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of law." *Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995).

    "When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant." *Pebble Beach Co.*, 453 F.3d at 1154. "Although the court 'may not assume the truth of allegations in a pleading

---

[2] The Court compelled the claims of another plaintiff, Loretta Johnson, to arbitration. Dkt. No. 58.

which are contradicted by affidavit,' the court resolves factual disputes in the plaintiff's favor." *Toy v. Honeywell Int'l Inc.*, No. 19-CV-00325-HSG, 2019 WL 1904215, at *3 (N.D. Cal. Apr. 29, 2019) (quoting *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011)). When the court does not conduct an evidentiary hearing, the plaintiff need only make a prima facie showing of facts supporting personal jurisdiction to avoid dismissal. *See Myers v. Bennett Law Offices*, 238 F.3d 1068, 1071 (9th Cir. 2001).

However, courts are not required to determine jurisdiction on the papers alone. The decision whether to grant jurisdictional discovery is within the discretion of the district court. *See Wells Fargo & Co. v. Wells Fargo Express Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977). "[W]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants, the Court need not permit even limited discovery." *Getz v. Boeing Co.*, 654 F.3d 852, 860 (9th Cir. 2011) (quoting *Pebble Beach Co.*, 453 F.3d at 1160) (finding the denial of discovery appropriate where plaintiffs "fail[ed] to identify any specific facts, transactions, or conduct that would give rise to personal jurisdiction" and offered only "purely speculative allegations of attenuated jurisdictional contacts"). Denial of jurisdictional discovery "is not an abuse of discretion when it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction," *Wells Fargo & Co.*, 556 F.2d at 430 n.24, or when the request is "based on little more than a hunch that it might yield jurisdictionally relevant facts," *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008).

### III. DISCUSSION

#### A. General Jurisdiction

Spectrum argues that the Court does not have general jurisdiction over it because it is not incorporated in California and does not maintain its principal place of business in California. *See* Dkt. No. 36-1 (Flores Decl.) ¶¶ 5-6 (Charter Communications, Inc. is a Delaware corporation and Spectrum Management Holding Company, LLC is a Delaware limited liability company; both have principal places of business in Stamford, Connecticut). Guss's brief does not address this argument. The Court concludes that it does not have general personal jurisdiction over Spectrum.

### B.  Specific Jurisdiction

Spectrum moves to dismiss Guss's claims for lack of personal jurisdiction on the basis that her claims are not based on any conduct that "arises out of or relates to [Spectrum's] forum-related activities." *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). In support, Spectrum offers the sworn declaration of Puru Patnekar, the "Vice President of Telesales for the Spectrum Entities," who "oversee[s] telesales operations for the Spectrum brand." Dkt. No. 36-2 (Patnekar Decl.) at ¶ 3. Patnekar avers that Telesales is the sole internal group responsible for Spectrum's "outbound telephone marketing." *Id.* at ¶ 5. According to Patnekar, Telesales "makes telemarketing calls and engages professional vendors with robust compliance practices to do so." *Id.* Patnekar then directly attests that:

> Telesales did not receive or identify [Guss's] phone number [XXX-XXX]-3272 as a lead for potential outbound contact by Telesales or its vendors and thus never used that number or provided it to any Telesales vendors at any time.
>
> Nonetheless, after receiving notice of this suit when Charter first learned about Plaintiff Charlotte Guss's claims that she allegedly received the calls at issue in the First Amended Complaint, Charter queried every Telesales vendor [Spectrum] used during the time the calls at issue in the First Amended Complaint purportedly occurred and confirmed they did not place any marketing calls to the subject telephone number [XXX-XXX]-3272. Neither Telesales nor its vendors placed marketing calls to the subject telephone number [XXX-XXX]-3272.

*Id.* at ¶¶ 6-7.

Guss responds by asserting that Patnekar's declaration does not contradict her allegations. Opp. at 17-18. She argues that the declaration "merely points out that certain third parties denied making and recording the calls." *Id.* at 3. She further contends that the Court should not "trust [Spectrum's] 'query' of these third parties—who have submitted nothing under oath, or described their searches," and suggests that the third parties "may not [have] look[ed] hard enough when their de facto employer may be on the hook for their actions." *Id.*

Contrary to counsel's argument, the Patnekar Declaration clearly and directly contradicts key allegations in the complaint. Guss alleges that:

> [I]n 2020, Plaintiff Guss received numerous unsolicited telemarketing calls by or on behalf of Defendants to her residential line on her

4

> cordless telephone. Sometimes Plaintiff Guss received two or three of these sales calls in a single day.
>
> The calls used a prerecorded voice, stating that the call was from Spectrum, offering discounts on Spectrum services, and to press 1 to speak with a live representative.
>
> The calls continued even though Plaintiff Guss requested that they cease.
>
> During one of these calls, occurring on or about March 26, 2020, Plaintiff Guss was connected to a live agent who attempted to sell her Spectrum services.

FAC ¶¶ 73-76. In response, Patnekar represents under oath that neither Spectrum nor its vendors used Guss's phone number for a "potential outbound contact" or "place[d] any marketing calls to the subject telephone number." Patnekar Decl. at ¶ 7. In other words, Guss alleges that she received certain calls on an identified telephone number that were "by or on behalf of" Spectrum and discussed the company's services. Spectrum responds with evidence (not allegations) that neither it nor its third-party vendors ever called that number. That evidence squarely controverts Guss's allegations, meaning that she can no longer rely on the complaint to establish personal jurisdiction, but must instead submit sworn evidence of her own. *See Alexander v. Circus Circus Enters., Inc.,* 972 F.2d 261, 262 (9th Cir. 1992) (holding that a court "may not assume the truth of allegations in a pleading which are contradicted by affidavit").

"If [Guss] had filed affidavits or declarations in response," the Court "would have been obligated to resolve conflicting statements in [Guss's] favor. But [Guss] filed no affidavits or declarations in response." *LNS Enterprises LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 858 (9th Cir. 2022) (internal citation omitted). And because Guss filed no affidavit at all (presumably because her counsel believed she did not have to), "[t]he relevant uncontroverted record . . . includes [Spectrum's] rebuttals to [Guss's] allegations." *Id.*; *see also Toy*, 2019 WL 1904215, at *3 ("[B]ecause the Court 'may not assume the truth of allegations in a pleading which are contradicted by affidavit,' the Court must accept [Patnekar]'s account of [Spectrum's] activities." (quoting *CollegeSource, Inc.*, 653 F.3d at 1073)). Thus, based on Spectrum's uncontroverted declaration, the Court finds that Guss has not met her burden to show that her claims arose out of or resulted from Spectrum's California-related activities so as to establish a basis for personal

5

jurisdiction.

It is important to be clear what the Court is and is not finding. Spectrum's argument can be read to suggest that whenever a defendant submits an affidavit saying "we didn't do what the plaintiff substantively alleges we did," the plaintiff essentially has to meet a summary judgment standard just to survive dismissal. But that can cause problems when the party challenging jurisdiction seeks to rebut a substantive allegation going to the merits of the action, not just a foundational fact. *See Loop AI Labs Inc. v. Gatti*, Case No. 15-CV-00798-HSG, Dkt. No. 726 at 5 (N.D. Cal. June 8, 2016) ("[W]here the evidence proffered by a defendant merely rebuts a substantive allegation going to the merits of the action, and not a foundational fact, then defendant's evidence cannot nullify the existence of jurisdiction where a plaintiff makes the requisite prima facie showing. After all, at this stage of the proceeding (assuming there is no evidentiary hearing), a plaintiff need not prove the substantive merits of its case in order to demonstrate personal jurisdiction."). At this stage, Guss has no ability to test Spectrum's blanket denial of liability, because she has not had the chance to conduct any discovery regarding its internal practices. It cannot be the case that a plaintiff has to prove the merits of her case at the outset to establish jurisdiction, and the Ninth Circuit has recognized as much. *See Data Disc., Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 and n.2 (9th Cir. 1977) (holding that "where the jurisdictional facts are enmeshed with the merits, the district court may decide that the plaintiff should not be required in a Rule 12(d) preliminary proceeding to meet the higher burden of proof which is associated with the presentation of evidence at a hearing, but rather should be required only to establish a prima facie showing of jurisdictional facts with affidavits and perhaps discovery materials"). To hold otherwise "would be to allow a defendant to defeat jurisdiction merely by rejecting plaintiff's account of the action," which is "essentially no different than what a defendant does each time it files an answer denying the allegations asserted against it." *Loop AI*, Dkt. No. 726 at 5.

But this case does not implicate the potentially challenging outer limits of what a plaintiff reasonably needs to show to establish jurisdiction (or at least unlock the door to jurisdictional discovery) when merits and jurisdictional facts overlap. Instead, this is what the Ninth Circuit

described in *Data Disc* as the "relatively easy" case in which the plaintiff, for whatever reason, filed no sworn affidavit in response to the other side's submission contradicting the complaint. 557 F.2d at 1284. Under these circumstances, the uncontroverted record – including Spectrum's disavowals – defeats Guss's efforts to establish specific personal jurisdiction.

### C.  Jurisdictional Discovery

In the alternative, Guss requests leave to conduct jurisdictional discovery. Opp. at 25. For essentially the same reasons discussed above, the Court concludes that Guss's "claim of personal jurisdiction appears to be . . . based on bare allegations in the face of specific denials made by the defendants," *Getz*, 654 F.3d at 860, so as to rest on "little more than a hunch that it might yield jurisdictionally relevant facts," *Boschetto*, 539 F.3d at 1020.

Accordingly, Guss has not established an entitlement to jurisdictional discovery, and her request for such discovery is denied.

### CONCLUSION

The Court **GRANTS** Spectrum's motion to dismiss Guss's claims for lack of personal jurisdiction. This action is hereby **STAYED** pending resolution of the arbitration as to Plaintiff Loretta Johnson, subject to the procedures stated in the Court's previous order. *See* Dkt. No. 58 at 7.

**IT IS SO ORDERED.**

Dated:  7/8/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge

7